**XING QIANG ZHUO, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 06–5349–ag.

United States Court of Appeals,
Second Circuit.

Aug. 29, 2007.

Theodore N. Cox, Joshua Bardavid, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul E. Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xing Qiang Zhuo, a native and citizen of the People's Republic of China, seeks review of an October 19, 2006, order of the BIA affirming the August 2, 2004, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Zhuo's applications for asylum and withholding of removal. *In re Xing Qiang Zhuo*, No. A95 162 432 (B.I.A. Oct. 19, 2006), *aff'g* No. A95 162 432 (Immig. Ct. N.Y. City Aug. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ The IJ's adverse credibility determination is not supported by substantial evidence. That determination was based primarily on the IJ's finding that Zhuo's testimony regarding his wife's alleged sterilization was "too imprecise," "vague," and "unsubstantiated by reference to specific facts." However, testimony is vague enough to preclude eligibility for relief only "if it doesn't identify facts corresponding to each of the elements of one of the 'refugee' categories of the immigration statutes." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) (analyzing vagueness where the agency found that the petitioner was credible but nevertheless failed to meet his burden of proof). That definition applies equally to situations where the agency has relied on a vagueness finding to support an adverse credibility determination. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (finding that an IJ's adverse credibility determination based on a finding of vagueness was not supported by substantial evidence because the petitioner's testimony established the essential facts of an asylum claim).

Here, Zhuo's testimony was not impermissibly vague because he testified to "facts that correspond to each element in one of the 'refugee' categories." *Jin Shui Qiu*, 329 F.3d at 151. He testified that his wife was forcibly sterilized, and that the agents of coercion were government birth control officials. Accordingly, his testimony was not "too vague" to preclude eligibility for relief.

The IJ attempted to distinguish the instant case from *Jin Shui Qiu* by pointing out that, unlike the IJ in that case, she allowed extensive questioning of Zhuo and asked questions herself regarding his wife's sterilization. In *Jin Shui Qiu*, we provided that

> [w]here an applicant gives very spare testimony, ... the IJ or the INS may fairly wonder whether the testimony is fabricated. If so, the IJ and counsel for the INS may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility.

329 F.3d at 152. However, here, the IJ did not indicate any testimonial inconsistencies resulting from her probing to support her adverse credibility determination. Instead, she asserted that she also relied on Zhuo's inconsistent testimony regarding the photographs that he submitted to support her adverse credibility finding. Assuming, *arguendo*, that Zhuo's testimony regarding the photographs was inconsistent, that inconsistency did not go to the heart of Zhuo's claim but concerned matters collateral or ancillary to his claim that his wife was forcibly sterilized. *See Secaida–Rosales*, 331 F.3d at 308–09. Accordingly, the IJ's adverse credibility finding is not supported by substantial evidence.

Because the IJ's adverse credibility determination was flawed, her finding that Zhuo failed to meet his burden of proof was also improper. Zhuo's testimony, while spare, alleged the essential facts that he needed to make out an asylum claim— that his wife was forcibly sterilized by government birth control officials. Therefore, we cannot confidently predict that, absent the flawed adverse credibility determination, the IJ would reach the same conclusion upon remand. *See Xiao Ji Chen*, 471 F.3d at 338–39. Remand is thus warranted in this case for a redetermination of Zhuo's eligibility for asylum and withholding of removal. Upon remand, the BIA should instruct the IJ as to whether Zhuo may submit new evidence in support of his claims.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).